UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KYLE HAPPEL** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-7518** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | * | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 8). For the following reasons, the Plaintiff's motion is now GRANTED IN PART.

I.  BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's home located at 6838 Hulbert Street in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"), the Plaintiff's homeowner's and flood insurance carrier, and Rodney Cosse, an insurance agent.

In September of 2006, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that he is entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiff also alleges that Cosse made various misrepresentations and failed to procure adequate insurance.

State Farm removed this case to federal court on October 6, 2006, contending that this

1

Court has jurisdiction under either of the following provisions: (1) diversity jurisdiction under 28 U.S.C. § 1332, because Cosse is improperly joined and the amount in controversy exceeds $75,000; or (2) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369. On November 17, 2006, the Plaintiff filed the instant motion to remand.

## II.    LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.    Diversity Jurisdiction

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Specifically, State Farm asserts that diversity jurisdiction exists because Cosse, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard his citizenship. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

State Farm asserts that the Plaintiff's claims against Cosse are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed. State Farm argues that the three-year peremptive periods commenced when the Plaintiff purchased the policies in 2000. However, without further factual development, the Court cannot conclude that the Plaintiff has no possibility of recovery against Cosse in this case. *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Cosse was not improperly joined and, thus, that diversity jurisdiction does not exist in this case. *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10,

2007).[1]

### B. Multiparty, Multiforum Trial Jurisdiction Act

State Farm also asserts that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). State Farm contends that removal was proper (1) pursuant to 28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district court under 28 U.S.C. § 1369 and/or (2) pursuant to 28 U.S.C. § 1441(e)(1)(B) because the Defendant is a party to other actions in this district which were or could have been brought under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location." *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006). This Court agrees and finds that the MMTJA does not confer federal jurisdiction in this case.

---

[1] Having found that diversity of citizenship does not exist, the Court need not consider whether the amount-in-controversy requirement has been satisfied.

## III.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is GRANTED IN PART and that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana. However, the Plaintiff's request for attorneys' fees and costs is DENIED.

New Orleans, Louisiana, this __21st__ day of __February__, 2007.

_____
UNITED STATES DISTRICT JUDGE